**Mark A. Harmon**
Direct Dial: 646-218-7616
mharmon@hodgsonruss.com



May 15, 2023

**VIA FEDEX**

Hon. Jesse M. Furman
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

    Re: *Mullen v. Terran Orbital, Inc.,*
      Case No. 1:23-cv-01394-JMF ("Action")

Dear Judge Furman:

    On behalf of defendant Continental Stock Transfer Corporation ("Continental Corp."), I am writing to object to Plaintiffs' Proposed Order Setting Schedule For Amended Complaint And Response Thereto And Responsibilities Of Lead Plaintiffs And Lead Counsel ("Order Setting Schedule"), which Plaintiffs filed on May 11, 2023 and which the Court signed the same day.

    Plaintiffs' proposed Order Setting Schedule ignores and fails to address comments which Continental Corp. provided to Plaintiffs concerning the proposed Order Setting Schedule and, more fundamentally, ignores and fails to address that Plaintiffs' have named the wrong entity as a defendant – a fact which I have raised with Plaintiffs' counsel on multiple occasions and which Plaintiffs have not disputed.

    As a preliminary matter, in filing the proposed Order Setting Schedule, Plaintiffs blatantly disregarded this Court's prior Order granting Plaintiffs' motion to appoint lead plaintiffs and lead counsel ("Order to Confer"), which directed that "[n]o later than May 11, 2023, Lead Plaintiffs shall confer with Defendants and file a proposed Order setting forth the duties and responsibilities of Lead Plaintiffs and Lead Counsel, as well as deadlines for the filing of any amended complaint and answer or motion to dismiss." *See* [Doc. No. 11](). The Court filed its Order To Confer on May 4, 2023. It was not until May 10, at 7:05 PM, the evening before Plaintiffs' deadline to confer with Defendants, that Plaintiffs' counsel sent to me a proposed order and requested Defendants to "advise if you have any changes." At 9:14 AM the following morning, I responded to Plaintiffs' counsel that, *inter alia*, two issues needed to be addressed: (1) Continental Corp. has not yet been served with the complaint and, in any event, is the wrong entity; and (2) the Order needed to be revised to permit 60 days to respond to the operative pleading from the date of the order or the filing of an amended complaint, whichever is

Hon. Jesse M. Furman
May 15, 2023
Page 2

later in time. Plaintiffs did not respond – and still have not responded – to my email and, instead, proceeded to file the proposed Order Setting Schedule without addressing or alerting the Court to Continental Corp's concerns. Plaintiffs' counsel did not provide me with a copy of the proposed Order Setting Schedule that he filed with the Court.

More problematic than Plaintiffs' counsel's disregard for the spirit, if not the letter, of this Court's Order to Confer, is Plaintiffs' refusal to address that Continental Corp. is not the proper party to this action. On April 18, 2023,[1] I reached out by email to Lee Squitieri, Esq., counsel for Plaintiffs, and informed him that Plaintiffs had named the wrong entity as a defendant. I explained that Continental Corp. is a Delaware corporation and is not a transfer agent. I identified as the correct entity Continental Stock Transfer & Trust Company ("Trust Company"), which is an entity formed under the Banking Laws of the State of New York. Trust Company is the entity which provided services in connection with the Terran Orbital business combination and is not a d/b/a of Continental Corp., as alleged in the complaint.

Mr. Squitieri responded that he did not wish to use his amendment as of right "on just changing names etc."[2] I responded to make clear that the issue is not simply that Plaintiffs incorrectly named the defendant, but that it named a different entity altogether, which entity has nothing to do with the subject matter of this action. I suggested that he dismiss his claims against Continental Corp. without prejudice if he wanted to avoid utilizing his amendment as of right. Mr. Squitieri did not respond to that email.

On May 10, 2023, Fletcher Moore, on behalf of Plaintiffs, sent an email to me and representatives of Terran Orbital attaching a proposed order and requested that we "advise if [we] have any changes." The proposed order provided that Plaintiffs' Lead Counsel shall file any amended complaint no later than thirty (30) days from the date of the order and that Defendants shall file a response to the operative complaint no later than sixty (60) days from the date of the order.

As stated above, I responded to that email the next morning, pointing out, not for the first time, that Continental Corp. is the wrong entity to be named as a defendant and that, presumably, the entity that Plaintiffs intended to name is Trust Company. I reiterated that Continental Corp. has not yet been served with the complaint and advised that I am authorized to accept service on behalf of Trust Company, and asked that Plaintiffs amend their complaint to correct this error. I explained that, of course, the defenses for Continental Corp. would be different than those for Trust Company and, therefore, requested that either (1) the Plaintiffs remedy their error in naming the wrong entity before a proposed order was submitted; or

---

[1] I initially reached out to Mr. Squitieri by email to discuss this action on April 6, 2023, but did not hear back from him.

[2] Plaintiffs also incorrectly name as defendants "Terran Orbital, Inc." and "Tailwind Two Acquisition Corp." Andrew Schwartz, Vice President and Deputy General Counsel of Terran Orbital has informed Mr. Squitieri as to the proper names for those entities, but Plaintiffs have not amended the complaint to reflect the proper names.

Hon. Jesse M. Furman
May 15, 2023
Page 3

(2) revise the proposed order to permit 60 days to respond from the date of the order or the filing of an amended complaint, whichever is later in time. Plaintiffs have not taken either of these courses of action and, instead, filed the proposed Order Setting Schedule without responding to Continental Corp.'s concerns and without alerting the Court as to these issues.

      Presently, the Order Setting Schedule allows Plaintiffs an additional forty-five (45) days to amend their complaint and requires that Defendants file their response to the operative complaint no later than seventy-five (75) days from the date of the Order Setting Schedule. Effectively, then, Continental Corp. or Trust Company may have only thirty (30) days to respond to the operative complaint, as it would be a waste of judicial and litigant resources for Continental Corp. to address the current Complaint only to have Plaintiffs thereafter file an amended complaint and, likewise, it would be a waste of resources for Trust Company to begin to address a hypothetical amended complaint before it is a named party. Moreover, Continental Corp. still has not been served with the Complaint in this action. Thus, I respectfully request that this Court amend the Order Setting Schedule to permit Defendants sixty (60) days to respond to the operative pleading from; (i) the date of service of the Complaint; (ii) the deadline for Plaintiffs to file an amended complaint; or (iii) service of an amended complaint, whichever is latest in time.

      Respectfully submitted,

      Mark A. Harmon